**Dated: October 27, 2026**

**The following is ORDERED:**

PAUL R. THOMAS
UNITED STATES BANKRUPTCY JUDGE

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **IN RE:**<br><br>**SALAD VANG and**<br>**TSEE VUE VANG,**<br><br>**Debtors.** | **Case No. 24-11208-T**<br>**Chapter 7** |
| **SCOTT P. KIRTLEY, TRUSTEE,**<br><br>**Plaintiff,**<br>**v.**<br><br>**HEALING THE NATIONS MINISTRIES INC.,**<br><br>**Defendant.** | **Adv. No. 25-01022-T** |

## MEMORANDUM OPINION

THIS MATTER comes before the Court pursuant to the Motion for Summary Judgment

(the "Motion"),[1] filed by Scott P. Kirtley, Trustee (the "Trustee"); Defendant's Response,[2] filed by Healing the Nations Ministries Inc. (the "Defendant"); and Plaintiff's Reply,[3] filed by the Trustee.

**Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b),[4] and venue is proper pursuant to 28 U.S.C. § 1409. Reference to the Court of this matter is proper pursuant to 28 U.S.C. § 157(a). Determination as to the avoidance of a transfer is a "core" proceeding as that term is defined by 28 U.S.C. § 157(b)(2)(H).

**Summary Judgment Standard**

The United States Court of Appeals for the Tenth Circuit has held that:

> Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). "An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *Id.* Put differently, "[t]he question . . . is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007) (quotation omitted). "On summary judgment the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (quotation omitted).[5]

---

[1] ECF No. 9.
[2] ECF No. 12.
[3] ECF No. 15.
[4] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq*.
[5] *Becker v. Bateman*, 709 F.3d 1019, 1022 (10th Cir. 2013).

**Findings of Fact**

For purposes of the Motion, the Court finds there is no genuine dispute as to the following facts:

1. On September 18, 2024 (the "Petition Date"), Salad and Tsee Vue Vang (collectively, "Debtors") filed a Chapter 7 Voluntary Petition in this Court, Case Number 24-11208-T.[6]

2. Scott P. Kirtley is the duly appointed, qualified, and acting Trustee of the Debtors' bankruptcy case.[7]

3. Defendant is a corporation organized under the laws of the State of Oklahoma.[8]

4. Debtor Salad Vang is the main pastor and president of Defendant.[9]

5. Debtor Tsee Vue Vang is the vice president of Defendant.[10]

6. On October 28, 2021, Debtor Tsee Vue Vang purchased the following real property (the "Property"):

> A TRACT OF LAND IN THE NE/4 OF SECTION NINETEEN (19), TOWNSHIP TWENTY-ONE (21) NORTH, RANGE TWELVE (12) EAST OF THE INDIAN BASE AND MERIDIAN, OSAGE COUNTY, STATE OF OKLAHOMA, MORE PARTICULARLY DESCRIBED AS FOLLOWS. TO WIT: COMMENCING AT THE SOUTHEAST CORNER OF SAID NE/4, THENCE ALONG THE SOUTH LINE OF SAID NE/4 S 88'24'30" W A DISTANCE OF 1935.25 FEET TO THE POINT OF BEGINNING, THENCE CONTINUING ALONG SAID SOUTH LINE OF THE NE/4 S 88'24'30" W A DISTANCE OF 381.75 FEET, THENCE N OQ'27'22" W A DISTANCE OF 1150.00 FEET, THENCE N 88'24'36 E A DISTANCE OF 382.19 FEET, THENCE S 00'26'02" E A DISTANCE OF 1150.00 FEET TO THE POINT OF

[6] Case No. 24-11208, at ECF No. 1.
[7] Case No. 24-11208, at ECF No. 10.
[8] ECF No. 9, Ex. 4.
[9] ECF No. 9, Ex. 2 at 2; Ex. 5 at 1; Ex. 6; Ex. 7.
[10] ECF No. 9, Ex. 5 at 1; Ex. 8.

BEGINNING.

CONTAINING 10.08 ACRES, MORE OR LESS.

a/k/a 5871 W 88TH ST N, SPERRY, Oklahoma 74073.[11]

7. Debtor Tsee Vue Vang purchased the Property for $125,000.[12]

8. According to an Opinion of Value obtained by the Trustee, the Property has a value of $665,000, as of April 22, 2026.[13]

9. On August 31, 2023, Debtor Tsee Vue Vang voluntarily transferred the Property to Defendant via quitclaim deed for the consideration of $1.00 (the "Transfer").[14]

10. According to Debtors' Schedules, Debtors listed assets of $47,295.00, and liabilities of $1,051,736.00.[15]

11. Included in Debtors' Schedules[16] are the following debts, all of which were listed as joint debts incurred prior to the Transfer:

| Creditor | Date Debt was Incurred | Amount of Claim |
|---|---|---|
| US Dept of Ed | January 2, 1998 | $6,303.00 |
| US Dept of Ed | September 29, 2000 | $3,870.00 |
| American Education Services/ecmc | October 25, 2002 | $430,218.00 |
| Capital One | August 24, 2014 | $11,282.00 |
| Amex | June 7, 2017 | $14,337.00 |
| Amex | June 7, 2017 | $1,328.00 |
| Citicards Cbna | December 26, 2017 | $3,532.00 |
| Discover Bank | January 5, 2018 | $12,737.00 |
| Elan Financial Service | March 22, 2019 | $7,997.00 |
| Nyst Hghr Ed | August 23, 2019 | $455,190.00 |
| Citicards Cbna | September 10, 2019 | $7,122.00 |
| SST | March 18, 2020 | $4,320.00 |
| Capital One | September 24, 2021 | $11,663.00 |

[11] ECF No. 9, Ex. 9 at 1.
[12] ECF No. 9, Ex. 10.
[13] ECF No. 9, Ex. 11 at 3.
[14] ECF No. 9, Ex. 12, 13.
[15] Case No. 24-11208, ECF No. 1 at 44.
[16] *Id.* at 22-36.

| | | |
|---|---|---|
| Wfbna Card | October 14, 2021 | $7,868.00 |
| Lendingpoint LLC | November 4, 2021 | $15,878.00 |
| Bank of America | November 5, 2021 | $4,700.00 |
| US Bank | November 9, 2021 | $2,926.00 |
| TTCU Federal Credit Union | March 23, 2022 | $32,893.00 |
| Amex | April 19, 2022 | $3,672.00 |
| Kohls/Capone | March 31, 2023 | $163.00 |
| Syncb/ppc | July 11, 2023 | $5,852.00 |
| **Total:** | | $1,043,851.00 |

12. The Transfer occurred within two years of the Petition Date.

13. Debtors listed the Transfer as a gift, with an assessor value of $1,189, to Defendant in their Statement of Financial Affairs.[17]

14. Defendant received a benefit from the Transfer in the amount of at least $125,000 and as much as $665,000.[18]

To the extent the Conclusions of Law contain any items that should more appropriately be considered Findings of Fact, they are incorporated herein by this reference.

## Conclusions of Law

There are two issues before the Court: 1) whether the Trustee may avoid the Debtor Tsee Vue Vang's Transfer of the Property under § 548(a)(1)(B)(ii)(I) and (IV); and 2) whether the Trustee may recover the Property under § 550(a)(1). The Trustee argues that the Transfer is avoidable because Debtor Tsee Vue Vang received less than a reasonably equivalent value in exchange for the Transfer and was also insolvent on the date of the Transfer. Additionally, or in the alternative, the Trustee asserts that the Transfer should be avoided because it was made for the benefit of an insider in addition to Debtor Tsee Vue Vang receiving less than a reasonably equivalent value in exchange.

[17] *Id.* at 54.
[18] ECF No. 9, Ex. 10, 11.

**A. Section 548(a)(1)(B) – Constructively Fraudulent Transfers**

Section 548 allows creditors, or in this case a trustee, to avoid fraudulent transfers and obligations "which unfairly or improperly deplete a debtor's assets or that unfairly or improperly dilute the claims against those assets."[19] Constructively fraudulent transfers, such as the kind alleged here, involve "transactions that may be free of actual fraud, but which are deemed to diminish unfairly a debtor's assets in derogation of creditors."[20] The relevant portions of § 548 state as follows:

> (a)(1) The trustee may avoid any transfer . . . of an interest of the debtor in property . . . that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily—(B)(i) received less than a reasonably equivalent value in exchange for such transfer . . . ; and (ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation; . . . or (IV) made such transfer to or for the benefit of an insider . . . under an employment contract and not in the ordinary course of business.

Thus, to successfully avoid a transfer under these subsections of § 548, the movant must prove the following by a preponderance of the evidence:[21] (1) the debtor had an interest in the property transferred; (2) the transfer occurred within two years of the bankruptcy filing; (3) the transfer was not an exchange of reasonably equivalent value; and (4) the debtor was insolvent at the time of the transfer or became insolvent as a result of the transfer *or* the debtor made the transfer to or for the benefit of an insider under an employment contract and not in the ordinary course of business. The first two elements are not in dispute, *i.e.*, Debtor Tsee Vue Vang had an interest in

---

[19] 5 Collier on Bankruptcy ¶ 548.01 (16th ed. 2026). *See Kirtley v. Stenzel (In re Rhein)*, No. 12-1048, 2013 WL 2477280, at *4 (Bankr. N.D. Okla. June 10, 2013) ("Section 548 of the Bankruptcy Code empowers a trustee to avoid certain prepetition transfers of a debtor's property.").

[20] 5 Collier on Bankruptcy ¶ 548.05.

[21] *Weinman v. Walker (In re Adam Aircraft Indus., Inc.)*, 510 B.R. 342, 352 (10th Cir. BAP 2014) (citing *Kaler v. Craig (In re Craig)*, 144 F.3d 587, 590 (8th Cir. 1998)), *aff'd*, 805 F.3d 888 (10th Cir. 2015).

the Property and the Transfer occurred within two years of the Petition Date. As such, the Court focuses its analysis on the remaining elements.

*1. Reasonably Equivalent Value*

As indicated above, it is necessary for the party seeking to avoid a transfer pursuant to § 548(a)(1)(B) to prove that the debtor received less than a reasonably equivalent value for the transaction at issue.[22] The Bankruptcy Code does not define "reasonably equivalent value";[23] however, it does define "value" for purposes of the fraudulent transfer analysis as "property, or satisfaction or securing of a present or antecedent debt of the debtor . . . ."[24] Determining reasonably equivalent value requires that the court evaluate three components: "(1) whether value was given; (2) if value was given, whether it was given in exchange for the transfer; and (3) whether what was transferred was reasonably equivalent to what was received."[25] Importantly, "[v]alue is not measured from the subjective . . . but instead from the objective, economic perspective of [the debtor's] creditors."[26] And, while both direct and indirect benefits are to be

[22] *Expert S. Tulsa, LLC v. Cornerstone Creek Partners, LLC (In re Expert S. Tulsa, LLC)*, 534 B.R. 400, 413 (10th Cir. BAP 2015) ("[T]he party seeking to avoid the transfer bears the burden of proving that reasonably equivalent value was *not* received.") (citing *Parks v. Persels & Assocs., LLC (In re Kinderknecht)*, 470 B.R. 149, 169 (Bankr. D. Kan. 2012)), *aff'd* 842 F.3d 1293 (10th Cir. 2016).

[23] *See BFP v. Resol. Tr. Corp.*, 511 U.S. 531 (1994); *Mellon Bank, N.A. v. Off. Comm. of Unsecured Creditors of R.M.L., Inc. (In re R.M.L., Inc.)*, 92 F.3d 139, 148 (3d Cir. 1996).

[24] § 548(d)(2)(A).

[25] *LTF Real Estate Co., Inc. v. Expert S. Tulsa, LLC (In re Expert S. Tulsa, LLC)*, 522 B.R. 634, 652 (10th Cir. BAP 2014) (citing *In re Pringle*, 495 B.R. 447, 463 (9th Cir. BAP 2013)), *aff'd* 619 F. App'x 779 (10th Cir. 2015). *See Bird v. Wardley (In re White)*, 144 F.4th 1216, 1231 (10th Cir. 2025) (citing *Rajala v. Gardner*, 661 F. App'x 512, 516 (10th Cir. 2016)).

[26] *Zubrod v. Kelsey (In re Kelsey)*, 270 B.R. 776, 781 (10th Cir. BAP 2001). *See Mellon Bank, N.A. v. Metro Commc'ns, Inc.*, 945 F.2d 635, 646-47 (3d Cir. 1991); *WRT Creditors Liquidation Tr. v. WRT Bankr. Litig. Master File Defendants (In re WRT Energy Corp.)*, 282 B.R. 343, 407 (Bankr. W.D. La. 2001); *Off. Comm. of Creditors v. Shearson Lehman Bros. Holdings (In re First Cap. Holdings Corp.)*, 179 B.R. 902, 907 (Bankr. C.D. Cal. 1995).

considered in determining value, all alleged benefits must be quantifiable.[27] Moreover, value must be measured as of the date of the transfer at issue.[28] Ultimately, the focus of the inquiry is "whether or not the transferor's unsecured creditors were better off before or after the transfer."[29]

Furthermore, while not the sole determinant, "the market value of the property at issue is an important query and will often serve as a starting point for deciding whether [reasonably equivalent value] was received by the debtor."[30] However, "[a] consensus of appellate courts instruct that 'reasonably equivalent value' should be derived by examining the totality of the circumstances underlying the challenged transfer, of which fair market value may be one component . . . ."[31] Thus, the "totality of the circumstances" approach requires courts to consider additional factors, such as "(1) the 'fair market value' of the benefit received as a result of the transfer, (2) 'the existence of an arm's-length relationship between the debtor and the transferee,' and (3) the transferee's good faith."[32]

The Court finds that there is no genuine dispute of material fact regarding the Trustee's claim that Debtor Tsee Vue Vang did not receive reasonably equivalent value in exchange for the

---

[27] *Clark v. Sec. Pac. Bus. Credit, Inc. (In re Wes Dor, Inc.)*, 996 F.2d 237, 243 (10th Cir. 1993).

[28] *In re White*, 144 F.4th at 1231 (citing *r2 Advisors, LLC v. Equitable Oil Purchasing Co. (In re Red Eagle Oil, Inc.)*, 567 B.R. 615, 627 (Bankr. D. Wyo. 2017). *See Templeton v. O'Cheskey (In re Am. Hous. Found.)*, 785 F.3d 143, 163 (5th Cir. 2015); *Brown v. Phillips (In re Phillips)*, 379 B.R. 765, 779 (Bankr. N.D. Ill. 2007) (citing *Baldi v. Lynch (In re McCook Metals, L.L.C.)*, 319 B.R. 570, 589 (Bankr. N.D. Ill. 2005)).

[29] *In re Expert S. Tulsa, LLC*, 534 B.R. at 413.

[30] *Id.* at 413 (quoting *McCanna v. Burke*, 197 B.R. 333, 338-39 (D.N.M. 1996)).

[31] *Sharp v. Chase Manhattan Bank USA, N.A. (In re Com. Fin. Servs., Inc.)*, 350 B.R. 559, 576 (Bankr. N.D. Okla. 2005).

[32] *Butler v. Wojtkun (In re Wojtkun)*, 534 B.R. 435, 454 (Bankr. D. Mass. 2015) (quoting *In re Fruehauf Trailer Corp.*, 444 F.3d 203, 213 (3d Cir. 2006)). *See In re White*, 144 F.4th at 1232 (citations omitted); *Zeddun v. Griswold (In re Wierzbicki)*, 830 F.3d 683, 687 (7th Cir. 2016) (quoting *In re Smith*, 811 F.3d 228, 240 (7th Cir. 2016)); *In re Phillips*, 379 B.R. at 779 (first citing *Barber v. Golden Seed Co., Inc.*, 129 F.3d 382, 387 (7th Cir. 1997); and then citing *Grigsby v. Carmell (In re Apex Auto. Warehouse, L.P.)*, 238 B.R. 758, 773 (Bankr. N.D. Ill. 1999)).

Transfer of the Property. According to Debtors' own Schedules, which they signed under penalty of perjury, the Property was **gifted** to Defendant.[33] Such an admission is determinative of the reasonably equivalent value analysis, given that a gift, by definition, denotes an absence of an exchange of value.[34] Because the *de minimus* value of $1.00 was given in exchange for the Transfer of the Property, the Court cannot conclude that Debtor Tsee Vue Vang received a reasonably equivalent value in exchange for the Property, which had a value of *at least* $125,000. Additionally, Defendant has not provided the Court with anything more than unsupported denials of the Trustee's allegations regarding value. "An issue is 'genuine' if there is *sufficient evidence on each side* so that a rational trier of fact could resolve the issue either way."[35] Given that Defendant did not offer any evidence contradicting the Trustee's assertions, and Debtors' Schedules characterize the Transfer as a gift, the Court cannot find that a genuine issue exists as to whether the Transfer constituted an exchange of reasonably equivalent value.

The Court's determination regarding reasonably equivalent value would not change even if Debtors had not characterized the Transfer as a gift in their Schedules. On October 28, 2021, Debtor Tsee Vue Vang purchased the Property for $125,000. Less than two years later, on August 31, 2023, Debtor Tsee Vue Vang transferred the Property to Defendant in exchange for $1.00. Defendant takes issue with the Trustee's claim that the Property is now worth as much as $665,000, correctly noting that such valuation is an assessment of *current* value, as opposed to the value of the Property on the date of the Transfer. However, an exchange of $1.00 is plainly not equivalent

---

[33] Case No. 24-11208, ECF No. 1 at 54.

[34] *See* 5 Collier on Bankruptcy ¶ 548.05[2][c] (emphasis added) (citing *Youngblut v. Pepmeyer (In re Pepmeyer)*, 275 B.R. 539 (Bankr. N.D. Iowa 2002)); *Weinman v. Crowley (In re Blair)*, 594 B.R. 712, 752 (Bankr. D. Colo. 2018); *Wallace v. McFarland (In re McFarland)*, 619 F. App'x 962, 975-76 (11th Cir. 2015); *Williams v. Marlar (In re Marlar)*, 267 F.3d 749, 755-56 (8th Cir. 2001).

[35] *Adler*, 144 F.3d at 670.

to the value of Debtor Tsee Vue Vang's interest in the Property of at least $125,000. The sizeable disparity between the consideration given and the value of the Property exchanged prevents the Court from concluding that what was transferred was reasonably equivalent to what was received, regardless of which value—$125,000 or $665,000—is placed on the Property. And, as previously mentioned, Defendant provided no evidence indicating that there is a genuine dispute as to the reasonableness of any value exchanged. Therefore, the Court's conclusion remains unchanged—there is no genuine issue of material fact regarding the Trustee's claim that the Transfer was not an exchange of reasonably equivalent value.

*2. Insolvency*

The Court must now determine whether a genuine issue exists as to whether Debtor Tsee Vue Vang was insolvent at the time of the Transfer or became insolvent because of the Transfer. "Section 101(32) of the Bankruptcy Code employs a 'balance sheet' test for insolvency, defined as a financial condition such that 'the sum of [the] entity's debts is greater than all of [the] entity's property, at a fair valuation,' exclusive of exempt and fraudulently transferred assets."[36] Such a determination is made from "the creditor's perspective by examining what assets are available and the value that could be realized for payment of debts."[37] Furthermore, as with the determination of reasonably equivalent value, the question of insolvency must be assessed at the time of the relevant transfer.[38]

---

[36] *Barber v. Prod. Credit Servs. of W. Cent. Ill., FLCA (In re KZK Livestock, Inc.)*, 290 B.R. 622, 625 (Bankr. C.D. Ill. 2002) (quoting § 101(32)(A)). *See In re Adam Aircraft Indus., Inc.*, 510 B.R. at 352-53 (first citing *Stillwater Nat'l Bank & Tr. Co. v. Kirtley (In re Solomon)*, 299 B.R. 626, 638 (10th Cir. BAP 2003); and then citing *Sherman v. Rose (In re Sherman)*, 18 F. App'x 718, 720 (10th Cir. 2001)).

[37] *In re Adam Aircraft Indus., Inc.*, 510 B.R. at 353 (quoting *In re Solomon*, 299 B.R. at 639 n.54).

[38] § 548(a)(1)(B)(ii)(I).

The Court finds that there is no genuine dispute of material fact that Debtor Tsee Vue Vang was insolvent at the time the Transfer was made. Defendant argues that the Trustee's claim of insolvency is inherently flawed because the Trustee's balance sheet analysis accounts for the debts of both Debtors, when it should assess only Debtor Tsee Vue Vang's debts at the time of the Transfer given that she was responsible for the Transfer. However, Debtors listed all the debts on their Schedules as **joint debts** and Defendant has not provided the Court with any admissible evidence to suggest that said representation is inaccurate. Therefore, the Trustee's balance sheet analysis appropriately attributed those joint debts to Debtor Tsee Vue Vang.

Courts may rely on a debtor's schedules to the bankruptcy petition in determining insolvency at the time of transfer;[39] however, there is a general reluctance to resolve the issue of insolvency based on a debtor's schedules alone. However, "[s]everal [c]ourts have applied the 'retrojection rule,' which provides as follows: if a debtor was insolvent on the first known date and insolvent on the last relevant date, and the trustee demonstrates the absence of any substantial or radical changes in the assets or liabilities of the debtor between the two retrojection dates, then the debtor is deemed to be insolvent at all intermediate times."[40] As demonstrated by Debtors' Schedules, Debtor Tsee Vue Vang's pre-Transfer debts totaled $1,043,851.00, while her assets, as of the Petition Date, totaled $47,295.00.[41] Additionally, during his Rule 2004 Examination, Debtor

[39] *In re Sherman*, 18 F. App'x at 721 (citing *Pembroke Dev. Corp. v. Commonwealth Sav. & Loan Ass'n (In re Pembroke Dev. Corp.)*, 124 B.R. 398, 401-02 (Bankr. S.D. Fla. 1991)). *See Ruby v. Ryan (In re Ryan)*, 472 B.R. 714, 728 (Bankr. E.D. Va. 2012) ("Indeed, '[i]t is well established that the Court is duty bound to take judicial notice of its own records, . . . [and] may exercise its discretion to take judicial notice of the [debtor's] schedules in an adversary proceeding arising from the same bankruptcy case.'") (quoting *Matson v. Strickland (In re Strickland)*, 230 B.R. 276, 282-83 (Bankr. E.D. Va. 1999)).

[40] *In re Ryan*, 472 B.R. at 728 (quoting *In re Strickland*, 230 B.R. at 283). *See Gillman v. Sci. Rsch. Prods. Inc. of Delaware (In re Mama D'Angelo, Inc.)*, 55 F.3d 552, 554 (10th Cir. 1995) (discussing the application of the retrojection rule to the determination of insolvency under § 547).

[41] Case No. 24-11208, ECF No. 1 at 19, 22-36, 44.

Salad Vang testified that the dates listed on Debtors' Schedule F were accurate.[42] Debtor Tsee Vue Vang's pre-Transfer debts significantly exceeded her assets, indicating that she was insolvent at the time of the Transfer. Moreover, Debtor Tsee Vue Vang continued to be insolvent as of the Petition Date. Crucially, Defendant failed to rebut the Trustee's assertion that Debtor Tsee Vue Vang was insolvent as of the Transfer date with more than a conclusory denial.[43] Defendant's failure to provide the Court with any evidentiary support for its denial of insolvency is fatal.

Thus, considering the unchallenged evidentiary record, the Court concludes that Debtor Tsee Vue Vang was insolvent on the date of the Transfer or was rendered insolvent by the Transfer of the Property and remained so until the Petition Date.[44] As such, the Court concludes that there is no genuine issue of material fact regarding the Trustee's claim that Debtor Tsee Vue Vang was insolvent on the date of the Transfer. The Court thus concludes that the Trustee is entitled to summary judgment regarding his claim pursuant to § 548(a)(1)(B)(ii)(I) and may avoid Debtor Tsee Vue Vang's Transfer of the Property.

*3. Transfer to or for the Benefit of an Insider*

While determination as to the merit of the Trustee's § 548(a)(1)(B)(ii)(IV) claim is unnecessary, the Court finds a brief discussion of the topic to be beneficial. To succeed pursuant to § 548(a)(1)(B)(ii)(IV), the Trustee must prove that: 1) Defendant was an insider when the Transfer was made; 2) the Transfer was made under an employment contract; and 3) the Transfer

---

[42] ECF No. 9, Ex. 15 at 3.

[43] *Bakst v. United States (In re Kane & Kane)*, 479 B.R. 617, 630 (Bankr. S.D. Fla. 2012) ("Finding whether the Debtor was insolvent, under the definitions noted above, does not present technical questions beyond the competence of lay determination.") (citing *Wingster v. Head*, 318 F. App'x 809, 815-16 (11th Cir. 2009)).

[44] *Lanik v. Smith (In re Cox Motor Express of Greensboro, Inc.)*, No. 15-02023, 2017 WL 1207517, at *9-10 (Bankr. M.D.N.C. Jan. 27, 2017) (relying on the debtor's schedules to determine insolvency).

was made outside the ordinary course of business. The Trustee has not alleged, or provided support for, the existence of an employment contract between Debtors and Defendant. Because these are undoubtedly essential elements of such a claim,[45] the Trustee would not be entitled to avoid the Transfer of the Property pursuant to § 548(a)(1)(B)(ii)(IV).

**B. Section 550 – Recovery**

The Trustee asserts that he may recover the Property for the benefit of the bankruptcy estate pursuant to § 550(a)(1). "Once a transfer of property has been avoided by a trustee as actually or constructively fraudulent, such property may be recovered by a trustee for the benefit of the bankruptcy estate."[46] According to § 550(a)(1),

> (a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section . . . 548 . . . of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from–(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; . . . .

"'Section 550(a) is intended to restore the estate to the financial condition it would have enjoyed if the transfer had not occurred.'"[47] The focus is therefore on the value of what the bankruptcy

---

[45] *See Weinman v. Walker (In re Adam Aircraft Indus., Inc.)*, 805 F.3d 888, 893-94 (10th Cir. 2015); *In re Wojtkun*, 534 B.R. at 454-55; *Weinman v. Walker (In re Adam Aircraft Indus., Inc.*, 493 B.R. 834, 843 (Bankr. D. Colo. 2013), *aff'd* 510 B.R. 342 (10th Cir. BAP 2014); *Ball v. Soundview Cap. Mgmt. Ltd. (In re Soundview Elite Ltd.)*, 594 B.R. 108, 134 (Bankr. S.D.N.Y. 2018).

[46] *Manchester v. Sharpton (In re All Phase Roofing & Constr., LLC)*, No. 17-01070, 2020 WL 374357, at *10 (Bankr. W.D. Okla. Jan. 17, 2020).

[47] *Weinman v. Fid. Cap. Appreciation Fund (In re Integra Realty Res., Inc.)*, 354 F.3d 1246, 1266 (10th Cir. 2004) (quoting *Hirsch v. Steinberg (In re Colonial Realty Co.)*, 226 B.R. 513, 525 (Bankr. D. Conn. 1998)). *See Kaler v. Slominski (In re Keeley & Grabanski Land P'ship)*, 531 B.R. 771, 777 (8th Cir. BAP 2015) ("The purpose of § 550 is to restore the estate to the financial condition it would have enjoyed if the transfer had not occurred. . . . The primary goal is equity and restoration, *i.e.*, putting the estate back where it would have been but for the transfer.") (quoting *Decker v. Tramiel (In re JTS Corp.)*, 617 F.3d 1102, 1111-12 (9th Cir. 2010)), *aff'd* 832 F.3d 853 (8th Cir. 2016).

estate lost, not what the transferee gained.[48] While the underlying purpose of § 550 is normally achieved by allowing recovery of the property, courts may exercise discretion in allowing the trustee to either recover the property or the value of the property.[49]

The ability of the trustee to recover fraudulently transferred property is subject to certain limitations meant to maintain the remedial rather than punitive nature of fraudulent transfer law.[50] Relevant here is § 550(e), which allows a court to grant a good faith transferee a lien securing the lesser of the transferee's improvement cost, reduced by resulting profit, or the property's increase in value attributable to the improvement. Under § 550(e), "improvement" includes "(1) physical additions to the property, (2) repairs, (3) payment of any tax on the property, (4) payment of any debt secured by a lien on the property that is superior or equal to the trustee's rights and (5) preservation of the property."[51] The party asserting § 550(e) protection bears the burden of proving entitlement to setoff for improvements made to the property.[52] In addition to demonstrating that improvements were made, the party must also prove that they are a good faith transferee. The issue of good faith "involves the question of whether the [transferee] knew or should have known that he was not trading normally but that on the contrary, the purpose of the trade, so far as the *debtor* was concerned was the effective fraud on the debtor's creditors."[53]

---

[48] *In re Integra Realty Res., Inc.*, 354 F.3d at 1267 (citing *In re Colonial Realty Co.*, 226 B.R. at 525); *Rushton v. Bank of Utah (In re C.W. Mining Co.)*, 477 B.R. 176, 185 (10th Cir. 2012), *aff'd*, 749 F.3d 895 (10th Cir. 2014).

[49] 5 Collier on Bankruptcy ¶ 550.02[3]; *In re Integra Realty Res., Inc.*, 354 F.3d at 1266 ("Normally [the remedy under § 550] is achieved by allowing the trustee to recover the actual property transferred.").

[50] *In re Keeley & Grabanski Land P'ship*, 531 B.R. at 777 ("Allowing the estate to profit by taking value that should be returned to a good faith transferee does not promote the purpose of § 550 to restore equity.") (citation omitted).

[51] 5 Collier on Bankruptcy ¶ 550.06.

[52] *In re Keeley & Grabanski Land P'ship*, 531 B.R. at 778 (citations omitted).

[53] *Govaert v. B.R.E. Holding Co., Inc. (In re Blitstein)*, 105 B.R. 133, 137 (Bankr. S.D. Fla. 1989) (first citing *In re Coleman*, 21 B.R. 832 (Bankr. S.D. Tex. 1982); and then citing *In re Bristol*

Here, the Court finds that there is no genuine issue of material fact regarding the Trustee's ability to recover the Property for the benefit of the bankruptcy estate pursuant to § 550(a)(1). As discussed above, the Court determined that the Trustee is entitled to summary judgment regarding his claim pursuant to § 548(a)(1)(B)(ii)(I) and may avoid the Transfer of the Property. Furthermore, Defendant, as initial transferee, received the Property from Debtor Tsee Vue Vang. Therefore, the Trustee is entitled to recovery of the Property for the benefit of the bankruptcy estate.

Defendant appears to assert that it has a right to claim the value of improvements made to the Property under § 550(e). However, Defendant provided no evidence or argument whatsoever supporting its claim that it made improvements to the Property after the Transfer, or that it was a good faith transferee. As such, Defendant has not shown that it is entitled to a lien on the Property and any value resulting from improvements Defendant made is forfeited given the absence of evidence indicating it was a good faith transferee.[54]

**Conclusion**

For the reasons set forth above, the Motion is GRANTED. The Court finds there are no genuine issues of material fact in dispute in this case. The Court further finds the Trustee has met his burden pursuant to § 548(a)(1)(B)(ii)(I) to show the Debtors' Transfer of the Property is avoidable, and that the Trustee is entitled to judgment as a matter of law. The Court further finds the Trustee has met his burden under § 550(a)(1) to show that recovery of the Property is appropriate, and that the Trustee is entitled to judgment as a matter of law.

---

*Indus. Corp.*, 45 B.R. 606 (Bankr. D. Conn. 1985)). *See Doeling v. Grueneich (In re Grueneich)*, 400 B.R. 688, 693 (8th Cir. BAP 2009) (first citing *In re Hannover Corp.*, 310 F.3d 796, 799 (5th Cir. 2002); and then citing *Hayes v. Palm Seedlings Partners-A (In re Agric. Rsch. & Tech. Grp., Inc.)*, 916 F.2d 528, 535 (9th Cir. 1990)).

[54] *In re Grueneich*, 400 B.R. at 694-95.

A separate judgment in accordance with this Memorandum Opinion is entered concurrently herewith.

###